UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GENERAL DRIVERS, WAREHOUSEMEN
AND HELPERS LOCAL UNION NO. 89                                                   PLAINTIFF


v.                                                                  CIVIL ACTION NO. 3:16-CV-00051-CRS


CLARIANT CORPORATION                                                            DEFENDANT

## MEMORANDUM OPINION

This lawsuit continues where a previous dispute between these parties left off. In a recent matter in front of this court, General Drivers, Warehousemen and Helpers Local Union No. 89 (the "Union") unsuccessfully sought to compel Clariant Corporation ("Clariant") to arbitrate certain grievances under a collective bargaining agreement ("CBA"). This court determined that the parties entered into an enforceable agreement settling these grievances. As the CBA did not mandate arbitration for settled grievances, the court granted Clariant summary judgment on all claims against it. *See General Drivers, Warehousemen and Helpers Local Union No. 89 v. Clariant Corporation*, Civil Action No. 3:16-cv-00051-CRS (Sept. 15, 2015).

The Union now alleges that Clariant breached the agreement that the Union once maintained did not exist. Clariant moves to dismiss this new suit for failure to state a claim for which relief can be granted. The Court will grant Clariant's motion.

## STANDARD

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

## DISCUSSION

This court previously held that these parties reached a settlement agreement regarding certain vacation benefit grievances. Am. Compl. ¶ 12, ECF No. 15. According to the Union's Amended Complaint,

> Under the terms of the settlement agreement, the Company agreed … to compensate the class action grievants *if* the Article XII vacation language in the collective bargaining agreement … was modified as a result of 2015 contract negotiations.

*Id.* ¶ 10 (emphasis added). The Union points to no other relevant terms of the agreement. This written agreement makes no promise to provide or even negotiate these benefits.

> The apparent crux of the Union's new complaint is that Clariant:
>
> refuse[s] to negotiate with the Union regarding [ ] Article XII, the vacation language, in the 2015 CBA. Because of the Company's refusal to negotiate, the class action grievants have not been paid from a modification of the contract.

*Id.* ¶ 15. The Union's alleged conduct does not constitute a breach of the Union's stated terms of the agreement. An agreement to pay grievants conditioned upon the result of contract negotiations is not an agreement to pay grievants regardless of negotiation outcomes. These are different agreements.

The Union also argues that Clariant failed to present extrinsic evidence. Pl.'s Resp. 1, ECF No. 21. A successful motion to dismiss under Rule 12(b)(6) does not require *any* extrinsic evidence. Instead, the Court looks to the four corners of the complaint to determine whether the complainant has alleged sufficient facts, accepted as true, to state a plausible claim to relief. *See Iqbal*, 556 U.S. at 678. Clariant has successfully shown that the Union's alleged facts are insufficient to state a claim for breach of contract. The court will grant Clariant's motion.

## CONCLUSION

The Court will grant Clariant's motion to dismiss and dismiss the Union's claims with prejudice.

The Court will enter a separate order in accordance with this opinion.

July 13, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**